FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 23 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 10-CR-624 |
| – against – | Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |
| SHARITA HODGES, | |
| Defendant. | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On August 23, 2010, Sharita Hodges pled guilty to a single-count information charging her with conspiracy to distribute and possess with intent to distribute cocaine. *See* 21 U.S.C. §§ 846; 841(a)(1) and (b)(1)(C).

On August 23, 2010, the defendant self-surrendered to FBI agents. Between June 1, 2008 and July 18, 2008, the defendant worked as a hand-to-hand drug dealer for a member of the "Nine-Trey Gangsters" or "Bugout Boys" in the Crown Heights section of Brooklyn, NY. She sold 62 grams of crack cocaine per day, resulting in an overall sale of 1,054 grams of crack cocaine, and at least 5 grams of heroin.

Hodges was sentenced on July 8, 2014. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The total offense level is twenty-nine and defendant's criminal history is category III. The Guidelines range of imprisonment is between 108 and 135 months. *See* U.S. Sentencing Comm., *Guidelines Manual*, § 2D1.1(a)(5) (Nov. 2013). Calculation of the total offense level included a three-point adjustment for defendant's acceptance of responsibility. *See id.,* § 3E1.1(a),(b). Defendant's offense level was reduced an additional two points under the new Sentencing Guidelines drug table that becomes effective in November 2014; defendant agreed to forgo a motion under 18 U.S.C. § 3582(c).

The maximum term of imprisonment is twenty years, with a maximum fine of $1,000,000.00. *See* 21 U.S.C. §§ 846, 841(b)(1)(C). The offense to which the defendant pled guilty permits probation for a term of not less than one year or greater than five years. *See* 18

U.S.C. § 3561(c)(1). The Guidelines advise against probation. *See* U.S. Sentencing Comm., *Guidelines Manual*, § 5B1.1, comment (Nov. 2013).

Hodges was sentenced to three years probation. A mandatory $100 special assessment was imposed. There was no fine because defendant does not have any assets, and it is unlikely that she will have any in the near future to pay a fine.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005). The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1).

Hodges, now forty-seven years old, grew up in Brooklyn and Queens, NY with her mother. Her mother passed away unexpectedly in 2005, which led to a downward spiral in the defendant's mental health. In 2009, Hodges began mental health counseling and was diagnosed with major depressive disorder, severe psychotic features and heroin dependence. She is prescribed Risperdal and Lexapro. Hodges psychotherapist and half-sister have both stated that Hodges is actively working towards turning her life around.

Hodges began using heroin in her twenties and has sought treatment on several occasions. Her boyfriend, who appeared with her in court, has been a positive influence on her and has encouraged her to remain drug free. On the day of the sentencing Hodges reported that she has been "clean" for several months.

Under 18 U.S.C. § 3553(a)(2)(B), a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the felony conviction and its collateral consequences. Specific deterrence has been substantially achieved through the time she served in jail and the impact of this conviction on her employability. It is unlikely that she will engage in further criminal activity in light of close supervision by probation, her desire to remain drug free, and the court's requirement that she pursue educational and vocational training.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: July 11, 2014
Brooklyn, New York